**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| **PROVIZOR FEDERAL, INC.,** | * | **Case No. 24‑11528-DER** |
| **Debtor.** | * | **Chapter 7** |
| | * | |

\*   \*   \*   \*   \*   \*   \*    \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| **MORGAN W. FISHER,** | * | |
| **CHAPTER 7 TRUSTEE** | | **ADVERSARY PROCEEDING** |
| **18 West Street** | * | **NO. 26-00040-DER** |
| **Annapolis, MD 21401** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| **IMPEL CAPITAL MANAGEMENT, LLC** | * | |
| **8115 Maple Lawn Blvd, Suite 350 Fulton, MD 20759** | * | |
| | * | |
| **Defendant,** | * | |
| | * | |
| **OMV HOLDINGS, LLC** | | |
| **6700 Alexander Bell Drive Suite 200** | * | |
| **Columbia, MD 21046** | * | |
| **Defendant,** | * | |
| **CHESTNUT BUSINESS CONSULTING, LLC** | * | |
| **233 Massey Circle Chapin, SC 29036** | * | |
| | * | |
| **Defendant,** | | |
| | * | |

1

BW CAPITAL ADVISORS LLC          *
t/a BW CAPITAL ADVISORS          *
1140 3rd St SE
Washington, DC 20002             *


        Defendant,               *


LAMAR BARNES                     *
12171 Fulton Estates Court
Fulton, MD 20759                 *


        Defendant,               *


LONNIE B. CHESTNUT, III          *
5020 Oxfordshire Rd.
Waxhaw, NC 28173                 *


        Defendant.               *
*    *    *    *    *    *    *    *    *    *    *    *    *

## DEFENDANT CHESTNUT BUSINESS CONSULTING, LLC'S AND LONNIE B. CHESTNUT, III'S ANSWER WITH AFFIRMATIVE DEFENSES TO THE COMPLAINT

Chestnut Business Consulting, LLC and Lonnie B. Chestnut, III (collectively the "Defendants"), by and through undersigned counsel, submit this Answer and Affirmative Defenses to the Complaint (the "Complaint") of Morgan W. Fisher, Chapter 7 Trustee (the "Plaintiff"), and state and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    The Defendants admit paragraph 1 of the Complaint.

2.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 2 of the Complaint. To the extent a response is required, the Defendants deny paragraph 2 of the Complaint.

2

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3 of the Complaint. To the extent a response is required, the Defendants deny paragraph 3 of the Complaint.

4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 of the Complaint. To the extent a response is required, the Defendants deny paragraph 4 of the Complaint.

5. The Defendants admit paragraph 5 of the Complaint.

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 6 of the Complaint. To the extent a response is required, the Defendants deny paragraph 6 of the Complaint.

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 of the Complaint. To the extent a response is required, the Defendants deny paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

10. In response to paragraph 10, the Defendants deny. The Complaint contains both core and non-core claims. The Defendants affirmatively object to jurisdiction in this case and specifically deny jurisdiction. The Defendants do not waive any objection connected to jurisdiction. In the event that this Court does find that it has jurisdiction, the Defendants reserve

their right to a jury trial before the District Court, do not consent to a jury trial before the Bankruptcy Court, and do not consent to the entry of a final order by the Bankruptcy Court.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint. To the extent a response is required, the Defendants deny paragraph 11 of the Complaint.

12. Paragraph 12 contains a statement regarding the Plaintiff's consent to final orders and judgments by the Bankruptcy Court. Defendants lack knowledge or information sufficient to form a belief as to the Plaintiff's consent and therefore deny the allegations in Paragraph 12. To the extent Paragraph 12 contains legal conclusions, Defendants deny them.

**BACKGROUND AND TRANSFERS**

**13.** The Defendants are informed and believe that the status of the case is as reflected in the Court records, but except as so admitted, deny each and every allegation of paragraph 13 of the Complaint.

14. The Defendants are informed and believe that the status of the case is as reflected in the Court records, but except as so admitted, deny each and every allegation of paragraph 14 of the Complaint.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the Complaint. To the extent a response is required, the Defendants deny paragraph 15 of the Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16 of the Complaint. To the extent a response is required, the Defendants deny paragraph 16 of the Complaint.

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 of the Complaint. To the extent a response is required, the Defendants deny paragraph 17 of the Complaint.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint. To the extent a response is required, the Defendants deny paragraph 18 of the Complaint.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint. To the extent a response is required, the Defendants deny paragraph 19 of the Complaint.

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 of the Complaint. To the extent a response is required, the Defendants deny paragraph 20 of the Complaint.

21. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 21 of the Complaint. To the extent a response is required, the Defendants deny paragraph 21 of the Complaint.

22. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 of the Complaint. To the extent a response is required, the Defendants deny paragraph 22 of the Complaint.

23. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 of the Complaint. To the extent a response is required, the Defendants deny paragraph 23 of the Complaint.

24.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 24 of the Complaint. To the extent a response is required, the Defendants deny paragraph 24 of the Complaint.

25.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 25 of the Complaint. To the extent a response is required, the Defendants deny paragraph 25 of the Complaint.

26.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 26 of the Complaint. To the extent a response is required, the Defendants deny paragraph 26 of the Complaint.

27.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 27 of the Complaint. To the extent a response is required, the Defendants deny paragraph 27 of the Complaint.

28.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 28 of the Complaint. To the extent a response is required, the Defendants deny paragraph 28 of the Complaint.

### COUNT I – AGAINST OMV HOLDINGS, LLC
**Avoidance and Recovery of the OMV 2-Year Transfers as Actually Fraudulent Under 11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

**29.**     The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 28 above.

30.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 30 of the Complaint. To the extent a response is required, the Defendants deny paragraph 30 of the Complaint.

6

31.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 31 of the Complaint. To the extent a response is required, the Defendants deny paragraph 31 of the Complaint.

32.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 32 of the Complaint. To the extent a response is required, the Defendants deny paragraph 32 of the Complaint.

33.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 33 of the Complaint. To the extent a response is required, the Defendants deny paragraph 33 of the Complaint.

34.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 34 of the Complaint. To the extent a response is required, the Defendants deny paragraph 34 of the Complaint.

35.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 35 of the Complaint. To the extent a response is required, the Defendants deny paragraph 35 of the Complaint.

### COUNT II – AGAINST OMV HOLDINGS, LLC
**Avoidance and Recovery of OMV 2-Year Transfers as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code**

36.     The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 35 above.

37.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 37 of the Complaint. To the extent a response is required, the Defendants deny paragraph 37 of the Complaint.

38. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 38 of the Complaint. To the extent a response is required, the Defendants deny paragraph 38 of the Complaint.

39. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 39 of the Complaint. To the extent a response is required, the Defendants deny paragraph 39 of the Complaint.

40. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 40 of the Complaint. To the extent a response is required, the Defendants deny paragraph 40 of the Complaint.

41. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 41 of the Complaint. To the extent a response is required, the Defendants deny paragraph 41 of the Complaint.

42. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 42 of the Complaint. To the extent a response is required, the Defendants deny paragraph 42 of the Complaint.

### COUNT III – AGAINST OMV HOLDINGS, LLC
**Avoidance and Recovery of OMV 2-Year Transfers as Actually Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

43. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 42 above.

44. Paragraph 44 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

45.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 45 of the Complaint. To the extent a response is required, the Defendants deny paragraph 45 of the Complaint.

46.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 46 of the Complaint. To the extent a response is required, the Defendants deny paragraph 46 of the Complaint.

47.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 47 of the Complaint. To the extent a response is required, the Defendants deny paragraph 47 of the Complaint.

48.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 48 of the Complaint. To the extent a response is required, the Defendants deny paragraph 48 of the Complaint.

49.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 49 of the Complaint. To the extent a response is required, the Defendants deny paragraph 49 of the Complaint.

50.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 50 of the Complaint. To the extent a response is required, the Defendants deny paragraph 50 of the Complaint.

### COUNT IV – AGAINST OMV HOLDINGS, LLC
**Avoidance and Recovery of the OMV 2-Year Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

**51.**     The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 50 above.

52.     Paragraph 52 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

53.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 53 of the Complaint. To the extent a response is required, the Defendants deny paragraph 53 of the Complaint.

54.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 54 of the Complaint. To the extent a response is required, the Defendants deny paragraph 54 of the Complaint.

55.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 55 of the Complaint. To the extent a response is required, the Defendants deny paragraph 55 of the Complaint.

56.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 56 of the Complaint. To the extent a response is required, the Defendants deny paragraph 56 of the Complaint.

57.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 57 of the Complaint. To the extent a response is required, the Defendants deny paragraph 57 of the Complaint.

58.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 58 of the Complaint. To the extent a response is required, the Defendants deny paragraph 58 of the Complaint.

59. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 59 of the Complaint. To the extent a response is required, the Defendants deny paragraph 59 of the Complaint.

**COUNT V – AGAINST OMV HOLDINGS, LLC**
**Avoidance and Recovery of OMV 1-Year Transfers as Insider Preferences**
**11 U.S.C. §§ 547 and 550 of the Bankruptcy Code**
**(Alternative Relief)**

60. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 59 above.

61. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 61 of the Complaint. To the extent a response is required, the Defendants deny paragraph 61 of the Complaint.

62. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 62 of the Complaint. To the extent a response is required, the Defendants deny paragraph 62 of the Complaint.

63. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 63 of the Complaint. To the extent a response is required, the Defendants deny paragraph 63 of the Complaint.

64. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 64 of the Complaint. To the extent a response is required, the Defendants deny paragraph 64 of the Complaint.

65. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 65 of the Complaint. To the extent a response is required, the Defendants deny paragraph 65 of the Complaint.

66.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 66 of the Complaint. To the extent a response is required, the Defendants deny paragraph 66 of the Complaint.

**COUNT VI – AGAINST IMPEL CAPITAL MANAGEMENT, LLC**
**Avoidance and Recovery of the Impel 2-Year Transfers as Actually Fraudulent Under
11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

67.    The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 66 above.

68.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 68 of the Complaint. To the extent a response is required, the Defendants deny paragraph 68 of the Complaint.

69.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 69 of the Complaint. To the extent a response is required, the Defendants deny paragraph 69 of the Complaint.

70.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 70 of the Complaint. To the extent a response is required, the Defendants deny paragraph 70 of the Complaint.

71.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 71 of the Complaint. To the extent a response is required, the Defendants deny paragraph 71 of the Complaint.

72.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 72 of the Complaint. To the extent a response is required, the Defendants deny paragraph 72 of the Complaint.

73. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 73 of the Complaint. To the extent a response is required, the Defendants deny paragraph 73 of the Complaint.

**COUNT VII – AGAINST IMPEL CAPITAL MANAGEMENT, LLC**
**Avoidance and Recovery of Impel 2-Year Transfers as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code**

**74.** The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 73 above.

75. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 75 of the Complaint. To the extent a response is required, the Defendants deny paragraph 75 of the Complaint.

76. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 76 of the Complaint. To the extent a response is required, the Defendants deny paragraph 76 of the Complaint.

77. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 77 of the Complaint. To the extent a response is required, the Defendants deny paragraph 77 of the Complaint.

78. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 78 of the Complaint. To the extent a response is required, the Defendants deny paragraph 78 of the Complaint.

79. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 79 of the Complaint. To the extent a response is required, the Defendants deny paragraph 79 of the Complaint.

80.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 80 of the Complaint. To the extent a response is required, the Defendants deny paragraph 80 of the Complaint.

**COUNT VIII – AGAINST IMPEL CAPITAL MANAGEMENT, LLC**
**Avoidance and Recovery of Impel 3-Year Transfers as Actually Fraudulent Under**
**11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

**81.**     The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 80 above.

82.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 82 of the Complaint. To the extent a response is required, the Defendants deny paragraph 82 of the Complaint.

83.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 83 of the Complaint. To the extent a response is required, the Defendants deny paragraph 83 of the Complaint.

84.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 84 of the Complaint. To the extent a response is required, the Defendants deny paragraph 84 of the Complaint.

85.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 85 of the Complaint. To the extent a response is required, the Defendants deny paragraph 85 of the Complaint.

86.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 86 of the Complaint. To the extent a response is required, the Defendants deny paragraph 86 of the Complaint.

87. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 87 of the Complaint. To the extent a response is required, the Defendants deny paragraph 87 of the Complaint.

88. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 88 of the Complaint. To the extent a response is required, the Defendants deny paragraph 88 of the Complaint.

## COUNT IX – AGAINST IMPEL CAPITAL MANAGEMENT, LLC
**Avoidance and Recovery of Impel 3-Year Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

89. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 88 above.

90. Paragraph 90 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

91. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 91 of the Complaint. To the extent a response is required, the Defendants deny paragraph 91 of the Complaint.

92. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 92 of the Complaint. To the extent a response is required, the Defendants deny paragraph 92 of the Complaint.

93. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 93 of the Complaint. To the extent a response is required, the Defendants deny paragraph 93 of the Complaint.

94.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 94 of the Complaint. To the extent a response is required, the Defendants deny paragraph 94 of the Complaint.

95.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 95 of the Complaint. To the extent a response is required, the Defendants deny paragraph 95 of the Complaint.

96.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 96 of the Complaint. To the extent a response is required, the Defendants deny paragraph 96 of the Complaint.

97.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 97 of the Complaint. To the extent a response is required, the Defendants deny paragraph 97 of the Complaint.

## COUNT X – AGAINST IMPEL CAPITAL MANAGEMENT, LLC
**Avoidance and Recovery of Impel 1-Year Transfers as Insider Preferences**
**11 U.S.C. §§ 547 and 550 of the Bankruptcy Code**
**(Alternative Relief)**

**98.**     The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 97 above.

99.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 99 of the Complaint. To the extent a response is required, the Defendants deny paragraph 99 of the Complaint.

100.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 100 of the Complaint. To the extent a response is required, the Defendants deny paragraph 100 of the Complaint.

101.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 101 of the Complaint. To the extent a response is required, the Defendants deny paragraph 101 of the Complaint.

102.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 102 of the Complaint. To the extent a response is required, the Defendants deny paragraph 102 of the Complaint.

103.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 103 of the Complaint. To the extent a response is required, the Defendants deny paragraph 103 of the Complaint.

104.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 104 of the Complaint. To the extent a response is required, the Defendants deny paragraph 104 of the Complaint.

**COUNT XI – AGAINST CHESTNUT BUSINESS CONSULTING, LLC**
**Avoidance and Recovery of the Chestnut Consulting 2-Year Transfers as Actually Fraudulent Under 11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

105.    The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 104 above.

106.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 106 of the Complaint. To the extent a response is required, the Defendants deny paragraph 106 of the Complaint.

107.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 107 of the Complaint. To the extent a response is required, the Defendants deny paragraph 107 of the Complaint.

108. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 108 of the Complaint. To the extent a response is required, the Defendants deny paragraph 108 of the Complaint.

109. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 109 of the Complaint. To the extent a response is required, the Defendants deny paragraph 109 of the Complaint.

110. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 110 of the Complaint. To the extent a response is required, the Defendants deny paragraph 110 of the Complaint.

111. In response to Paragraph 111 of the Complaint, the Defendants deny Paragraph 111 of the Complaint.

## COUNT XII – AGAINST CHESTNUT BUSINESS CONSULTING, LLC
### Avoidance and Recovery of Chestnut Consulting 2-Year Transfers as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code

**112.** The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 111 above.

113. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 113 of the Complaint. To the extent a response is required, the Defendants deny paragraph 113 of the Complaint.

114. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 114 of the Complaint. To the extent a response is required, the Defendants deny paragraph 114 of the Complaint.

115.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 115 of the Complaint. To the extent a response is required, the Defendants deny paragraph 115 of the Complaint.

116.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 116 of the Complaint. To the extent a response is required, the Defendants deny paragraph 116 of the Complaint.

117.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 117 of the Complaint. To the extent a response is required, the Defendants deny paragraph 117 of the Complaint.

118.    In response to Paragraph 118 of the Complaint, the Defendants deny Paragraph 118 of the Complaint.

### COUNT XIII – AGAINST CHESTNUT BUSINESS CONSULTING, LLC
**Avoidance and Recovery of Chestnut Consulting 3-Year Transfers as Actually Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

**119.**    The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 118 above.

120.    Paragraph 120 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

121.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 121 of the Complaint. To the extent a response is required, the Defendants deny paragraph 121 of the Complaint.

122. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 122 of the Complaint. To the extent a response is required, the Defendants deny paragraph 122 of the Complaint.

123. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 123 of the Complaint. To the extent a response is required, the Defendants deny paragraph 123 of the Complaint.

124. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 124 of the Complaint. To the extent a response is required, the Defendants deny paragraph 124 of the Complaint.

125. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 125 of the Complaint. To the extent a response is required, the Defendants deny paragraph 125 of the Complaint.

126. In response to Paragraph 126 of the Complaint, the Defendants deny Paragraph 126 of the Complaint.

**COUNT XIV – AGAINST CHESTNUT BUSINESS CONSULTING, LLC**
**Avoidance and Recovery of the Chestnut Consulting 3-Year Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

127. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 126 above.

128. Paragraph 128 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

129. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 129 of the Complaint. To the extent a response is required, the Defendants deny paragraph 129 of the Complaint.

130. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 130 of the Complaint. To the extent a response is required, the Defendants deny paragraph 130 of the Complaint.

131. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 131 of the Complaint. To the extent a response is required, the Defendants deny paragraph 131 of the Complaint.

132. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 132 of the Complaint. To the extent a response is required, the Defendants deny paragraph 132 of the Complaint.

133. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 133 of the Complaint. To the extent a response is required, the Defendants deny paragraph 133 of the Complaint.

134. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 134 of the Complaint. To the extent a response is required, the Defendants deny paragraph 134 of the Complaint.

135. In response to Paragraph 135 of the Complaint, the Defendants deny Paragraph 135 of the Complaint.

**COUNT XV – AGAINST BW CAPITAL, LLC T/A BW CAPITAL**
**Avoidance and Recovery of the BW 2-Year Transfers as Actually Fraudulent**
**Under 11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

136. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 135 above.

137. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 137 of the Complaint. To the extent a response is required, the Defendants deny paragraph 137 of the Complaint.

138. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 138 of the Complaint. To the extent a response is required, the Defendants deny paragraph 138 of the Complaint.

139. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 139 of the Complaint. To the extent a response is required, the Defendants deny paragraph 139 of the Complaint.

140. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 140 of the Complaint. To the extent a response is required, the Defendants deny paragraph 140 of the Complaint.

141. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 141 of the Complaint. To the extent a response is required, the Defendants deny paragraph 141 of the Complaint.

142. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 142 of the Complaint. To the extent a response is required, the Defendants deny paragraph 142 of the Complaint.

**COUNT XVI – AGAINST BW CAPITAL, LLC T/A BW CAPITAL**
**Avoidance and Recovery of BW 2-Year Transfers as Constructively Fraudulent Under**
**Sections 548 and 550 of the Bankruptcy Code**

143. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 142 above.

144. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 144 of the Complaint. To the extent a response is required, the Defendants deny paragraph 144 of the Complaint.

145. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 145 of the Complaint. To the extent a response is required, the Defendants deny paragraph 145 of the Complaint.

146. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 146 of the Complaint. To the extent a response is required, the Defendants deny paragraph 146 of the Complaint.

147. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 147 of the Complaint. To the extent a response is required, the Defendants deny paragraph 147 of the Complaint.

148. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 148 of the Complaint. To the extent a response is required, the Defendants deny paragraph 148 of the Complaint.

149. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 149 of the Complaint. To the extent a response is required, the Defendants deny paragraph 149 of the Complaint.

**COUNT XVII – AGAINST BW CAPITAL, LLC T/A BW CAPITAL**
**Avoidance and Recovery of BW 3-Year Transfers as Actually Fraudulent Under 11 U.S.C.**
**§§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

150.   The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 149 above.

151.   Paragraph 151 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

152.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 152 of the Complaint. To the extent a response is required, the Defendants deny paragraph 152 of the Complaint.

153.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 153 of the Complaint. To the extent a response is required, the Defendants deny paragraph 153 of the Complaint.

154.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 154 of the Complaint. To the extent a response is required, the Defendants deny paragraph 154 of the Complaint.

155.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 155 of the Complaint. To the extent a response is required, the Defendants deny paragraph 155 of the Complaint.

156.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 156 of the Complaint. To the extent a response is required, the Defendants deny paragraph 156 of the Complaint.

157. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 157 of the Complaint. To the extent a response is required, the Defendants deny paragraph 157 of the Complaint.

## COUNT XVIII – AGAINST BW CAPITAL, LLC T/A BW CAPITAL
**Avoidance and Recovery of the BW 3-Year Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

158. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 157 above.

159. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 159 of the Complaint. To the extent a response is required, the Defendants deny paragraph 159 of the Complaint.

160. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 160 of the Complaint. To the extent a response is required, the Defendants deny paragraph 160 of the Complaint.

161. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 161 of the Complaint. To the extent a response is required, the Defendants deny paragraph 161 of the Complaint.

162. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 162 of the Complaint. To the extent a response is required, the Defendants deny paragraph 162 of the Complaint.

163. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 163 of the Complaint. To the extent a response is required, the Defendants deny paragraph 163 of the Complaint.

164. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 164 of the Complaint. To the extent a response is required, the Defendants deny paragraph 164 of the Complaint.

165. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 165 of the Complaint. To the extent a response is required, the Defendants deny paragraph 165 of the Complaint.

166. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 166 of the Complaint. To the extent a response is required, the Defendants deny paragraph 166 of the Complaint.

## COUNT XIX – AGAINST LAMAR BARNES AND LONNIE B. CHESTNUT, III, JOINTLY AND SEVERALLY
### Recovery of Fraudulent Transfer Under 11 U.S.C. § 550 of the Bankruptcy Code

167. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 166 above.

168. In response to Paragraph 168 of the Complaint, the Defendants deny Paragraph 168 of the Complaint.

169. Paragraph 169 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny Paragraph 169 of the Complaint.

170. In response to Paragraph 170 of the Complaint, the Defendants deny Paragraph 170 of the Complaint.

## COUNT XX – ALL DEFENDANTS
### To Disallow Claims Pursuant to Section 502(d) of the Bankruptcy Code

171. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 170 above.

172.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 172 of the Complaint. To the extent a response is required, the Defendants deny paragraph 172 of the Complaint.

173.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 173 of the Complaint. To the extent a response is required, the Defendants deny paragraph 173 of the Complaint.

174.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 174 of the Complaint. To the extent a response is required, the Defendants deny paragraph 174 of the Complaint.

175.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 175 of the Complaint. To the extent a response is required, the Defendants deny paragraph 175 of the Complaint.

176.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 176 of the Complaint. To the extent a response is required, the Defendants deny paragraph 176 of the Complaint.

177.    Paragraph 177 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

178.    In response to Paragraph 178 of the Complaint, the Defendants deny Paragraph 178 of the Complaint.

### COUNT XXI – AGAINST LAMAR BARNES AND LONNIE B. CHESTNUT, III
#### (Fraud and Breach of Standard of Care)

179.    The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 178 above.

180. Paragraph 180 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Defendant Lonnie B. Chestnut III denies Paragraph 180 of the Complaint. The allegations in paragraph 180 of the Complaint are not directed at Defendant Chestnut Business Consulting, LLC and, accordingly, no response is required.

181. In response to Paragraph 181 of the Complaint, Defendant Lonnie B. Chestnut III denies Paragraph 181 of the Complaint. The allegations in paragraph 181 of the Complaint are not directed at Defendant Chestnut Business Consulting, LLC and, accordingly, no response is required.

182. In response to Paragraph 182 of the Complaint, Defendant Lonnie B. Chestnut III denies Paragraph 182 of the Complaint. The allegations in paragraph 182 of the Complaint are not directed at Defendant Chestnut Business Consulting, LLC and, accordingly, no response is required.

**COUNT XXII – AGAINST LAMAR BARNES AND LONNIE B. CHESTNUT, III**
**(Fraud and Breach of Duty of Loyalty)**

183. The Defendants restate and incorporate by reference their answers set forth in paragraphs 1 through 182 above.

184. Paragraph 184 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, Defendant Lonnie B. Chestnut III denies Paragraph 184 of the Complaint. The allegations in paragraph 184 of the Complaint are not directed at Defendant Chestnut Business Consulting, LLC and, accordingly, no response is required.

185. In response to Paragraph 185 of the Complaint, Defendant Lonnie B. Chestnut III denies Paragraph 185 of the Complaint. The allegations in paragraph 185 of the Complaint are

not directed at Defendant Chestnut Business Consulting, LLC and, accordingly, no response is required.

**WHEREFORE,** based upon the foregoing, the Defendants request that the Court deny the Plaintiff's requests for relief and award the Defendants such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

**186.** Without conceding that the Defendants have the burden of proof on any of the issues below, the Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

187. To the extent that the transfers are alleged to be fraudulent transfers ("Alleged Fraudulent Transfers"), the claims of the Plaintiff are barred, in whole or in part, by reason that, to the extent that they received any Alleged Fraudulent Transfers, the Defendants were at all times good-faith transferees for value pursuant to 11 U.S.C § 548(c) and the applicable state law.

## SECOND AFFIRMATIVE DEFENSE

188. The Plaintiff is barred from recovering to the extent that the transferee or obligee of such Alleged Fraudulent Transfers or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the Debtor in exchange for such transfer or obligation.

189. Pursuant to 11 U.S.C. § 548(c), such Alleged Fraudulent Transfers are not avoidable by the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

190.    The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550 (b) by reason that the Defendants, to the extent they took any transfer(s), took the Alleged Fraudulent Transfers for value, in good faith and without knowledge of the voidability of the Alleged Fraudulent Transfers.

## FOURTH AFFIRMATIVE DEFENSE

191.    The Plaintiff's Complaint contains claims which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), are claims which implicate only private rights. Consequently, the Bankruptcy Court has no authority to issue final judgments over those private rights claims without the consent of the Defendants.

192.    The Defendants affirmatively object to jurisdiction in this case and specifically deny jurisdiction. The Defendants do not waive any objection connected to jurisdiction. In the event that this Court does find that it has jurisdiction, the Defendants reserve their right to a jury trial before the District Court, do not consent to a jury trial before the Bankruptcy Court, and do not consent to the entry of a final order by the Bankruptcy Court.

## FIFTH AFFIRMATIVE DEFENSE

193.    The Plaintiff is barred from recovering the Transfers because at all times relevant to the matters complained of the Debtor was solvent.

## SIXTH AFFIRMATIVE DEFENSE

194.    The Plaintiff is barred from recovering the alleged Transfers by the doctrine of laches.

SEVENTH AFFIRMATIVE DEFENSE

195.    The Plaintiff is barred from recovering the Transfers to the extent that the Defendants have a conduit or earmarking defense.

EIGHTH AFFIRMATIVE DEFENSE

196.    Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

NINTH AFFIRMATIVE DEFENSE

197.    The Plaintiff's claims are barred under the doctrine of in pari delicto.

   a.    The Debtor, as a result of its own actions, bears at least substantially equal responsibility for the violations it seeks to redress, and

   b.    preclusion of suit would not significantly interfere with the effective enforcement of the laws and protection of the public.

TENTH AFFIRMATIVE DEFENSE

198.    The claims of the Plaintiff are barred, in whole or in part, by reason that Plaintiff has failed to plead fraud on the part of Defendant with particularity as required by Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009(b).

ELEVENTH AFFIRMATIVE DEFENSE

199.    To the extent applicable, the Plaintiff's claims are barred by the doctrine of necessity.

TWELFTH AFFIRMATIVE DEFENSE

200.    The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

THIRTEENTH AFFIRMATIVE DEFENSE

201.     To the extent that the Defendants have engaged in any conduct alleged in the Complaint, which is denied, their conduct was reasonable, in good faith, justified, privileged, and/or in pursuit of lawful and legitimate business concerns.

FOURTEENTH AFFIRMATIVE DEFENSE

202.     The Plaintiff cannot recover the Transfers because they were never property of the Debtor's estate.

FIFTEENTH AFFIRMATIVE DEFENSE

203.     To the extent the Defendant Lonnie B. Chestnut III is deemed to have owed any duty to the Debtor, its creditors, or any individual, or entity named in the Complaint, the Defendant Lonnie B. Chestnut III did not breach such duty.

SIXTEENTH AFFIRMATIVE DEFENSE

204.     To the extent the Plaintiff alleges damage or injury to the Debtor, its creditors, or any individual, or entity named in the Complaint, such harm was the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by the Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

205.     Any damages alleged in the Complaint were caused solely by the acts or omissions of other persons or parties over whom the Defendants had no control or right of control, and for whom the Defendants owe no legal responsibility.

EIGHTEENTH AFFIRMATIVE DEFENSE

206.     The claims of the Plaintiff for breach of fiduciary duties are barred, in whole or in part, because Defendant Lonnie B. Chestnut III, in discharging his duties relied on information,

32

opinions, reports, or statements, including financial statements and other financial data presented by: (a) one or more officers or employees of the corporation who the Defendant reasonably believed to be reliable and competent in the matters presented; (b) legal counsel, public accountants, or other persons as to matters he reasonably believed were within that person's professional or expert competence.

## NINETEENTH AFFIRMATIVE DEFENSE

207.    The claims of the Plaintiff for breach of fiduciary duties are barred, in whole or in part, because Defendant Lonnie B. Chestnut III acted: (a) in good faith; (b) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and (c) in a manner that he reasonably believed to be in the best interests of the corporation and its members, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

208.    Any alleged acts or omissions of the Defendants, giving rise to the Plaintiff's claims, are the result of innocent mistake despite reasonable procedures implemented by the Defendants.

## RESERVATION OF RIGHTS

209.    The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during the discovery process in this action and hereby reserve the right to amend their response to assert any such defenses. The assertion of the above defenses by Defendants is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

## STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendants do not consent to the entry of final orders or judgments by the Bankruptcy Court.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, the alleged Transfers are not recoverable by the Plaintiff. The Defendants request that the Court deny the Plaintiff's requests for relief and award the Defendants such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

Dated: April 14, 2026

**Respectfully submitted,**

RICHARD J. HACKERMAN, P.C.
ATTORNEY AT LAW
By: /s/ *Richard J. Hackerman*
Richard J. Hackerman
3635 Old Court Road
Suite 208,
Baltimore, Maryland 21208
Tel. (410) 243-8800,
Fax (410) 402-5757
Federal Bar No. MD24058

*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' answer with affirmative defenses to the complaint was served on all of the following parties to this
proceeding on April 14, 2026, via electronic service through the Court's CM/ECF System.

Morgan W. Fisher Ch 7 Trustee by his attorney
Richard Marc Goldberg
Shapiro Sher Guinot & Sandler
250 W. Pratt Street
Suite 2000
Baltimore, MD 21201
Email: rmg@shapirosher.com

/s/ Richard J. Hackerman
RICHARD J. HACKERMAN