IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | | Case No.: 24−11528-DER |
| PROVIZOR FEDERAL, INC., | * | |
| | | Chapter 7 |
| Debtor. | * | |
| * * * * * * | * | * * * * * * |
| MORGAN W. FISHER, CHAPTER 7 TRUSTEE | * | |
| Plaintiff, | * | Adv. Proc. No.: 26-00040-DER |
| v. | * | |
| IMPEL CAPITAL MANAGEMENT, LLC, et. al.[1], | * | |
| | * | |
| Defendants. | | |
| * * * * * * | * | * * * * * * |

CERTIFICATION OF DANIEL J. ZELLER IN SUPPORT OF
PLAINTIFF CHAPTER 7 TRUSTEE'S REQUEST FOR ENTRY OF
<u>DEFAULT PURSUANT TO FED. R. BANKR. P. 7055</u>
(Impel Capital Management, LLC)

I, Daniel J. Zeller, Esquire, hereby declare, pursuant to 28 U.S.C. § 1746, that the following

is true to the best of my knowledge, information and belief:

1.      I am a partner at the law firm Shapiro Sher Guinot & Sandler, counsel for

Morgan W. Fisher, Chapter 7 Trustee in the above-captioned matters and I have full knowledge of

the facts set forth herein.

---

[1] Defendants in the above captioned adversary proceeding are: Impel Capital Management, LLC, OMV Holdings, LLC, Chestnut Business Consulting LLC, BW Capital Advisors, LLC t/a BW Capital Advisors, Lamar Barnes and Lonnie Chestnut, III.

2.      On February 26, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "**Bankruptcy Court**"), thereby commencing that bankruptcy case styled *In re Provizor Federal, Inc.*, Case No. 24-11528-DER (the "**Bankruptcy Case**").

3.      On May 16, 2024, the Court converted this case to a case under Chapter 7, and Morgan Fisher was thereafter appointed as Chapter 7 Trustee for the Debtor and has been duly serving in that capacity.

4.      On February 24, 2026, the Trustee filed a Complaint for Avoidance and Recovery of Fraudulent Conveyances and Preferences, Fraud, Breach of Directors Standard of Care, Breach of Duty of Loyalty, and Breach of Fiduciary Duty (Sections 544, 547, 548 and 550) (the "**Complaint**") [ECF No. 1], thereby initiating the above captioned Adversary Proceeding. Among other things, the Complaint alleges that the Debtor made substantial transfers to Defendant Impel Capital Management, LLC, and asserts counts for the avoidance and recovery of such transfers. See Counts I-V.

5.      On February 25, 2026, the Court issued its Summons and Notice of Pre-Trial Conference [ECF No. 2] (the "**Summons**") in the above-captioned adversary proceeding. The Trustee, by his undersigned counsel, duly served the Complaint and Summons on Impel Capital Management, LLC. *See* Affidavit of Service [ECF No. 3; February 27, 2026].

6.      Pursuant to Fed. R. Bankr. P. 7012, a defendant has thirty (30) days in which to respond to an adversary complaint, or March 30, 2026 (which includes three additional days for service by first class mail) in this adversary proceeding.

7.      To date, Defendant Impel Capital Management, LLC has failed to plead or otherwise defend the aforementioned Complaint.

8.  Defendant Impel Capital Management, LLC has neither requested nor been granted an extension of time to plead or otherwise defend.

9.  As such, the Clerk must enter default against Defendant Impel Capital Management, LLC and in favor of the Trustee.

Dated: May 4, 2026

/s/ *Daniel J. Zeller*
Daniel J. Zeller, Esquire

3