## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

In re: Case: 24-11528-DER    Chapter 7    Adversary No.: 26-0040

**Provizor Federal, Inc.**
Debtor.

**Morgan W. Fisher, Chapter 7 Trustee**
Plaintiff,

vs.

**Impel Capital Management, LLC, et al.,**
Defendants.

### DEFENDANTS LAMAR BARNES AND BW CAPITAL ADVISORS LLC T/A BW CAPITAL ADVISORS' ANSWER TO TRUSTEE'S COMPLAINT

**COMES NOW**, Defendants Lamar Barnes (hereinafter "Barnes") and BW Capital Advisors LLC t/a BW Capital Advisors (hereinafter "BW Capital") and (collectively, "Defendants") by and through their undersigned counsel, Alexander J. Geraldo, Esq., and the Law Firm of Robinson & Geraldo, PC, and hereby answer the Complaint as follows:

### GENERAL RESPONSES

Defendants answer only those allegations directed toward Barnes and BW Capital. To the extent the Complaint contains allegations directed toward other defendants, Defendants neither admit nor deny such allegations and leave those allegations to be answered by the parties to whom they are directed.

1.  Defendants admit that Plaintiff purports to be the duly appointed Chapter 7 Trustee for Provizor Federal, Inc. To the extent Paragraph 1 states legal conclusions, no response is required. To the extent a response is deemed required, the allegations are denied.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore deny the same.

3.  Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 and therefore deny the same.

4.  Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 and therefore deny the same.

5.  Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 and therefore deny the same.

6.  Defendants admit that BW Capital Advisors LLC is a District of Columbia limited liability company formerly known as The BW Capital Group LLC. Defendants further admit that BW Capital was formed in 2017 and subsequently amended its name effective January 1, 2020. Defendants deny the remaining allegations contained in Paragraph 6.

7.  Defendants admit that, for all relevant periods, Barnes was not an owner nor principal of OMV Holdings and Impel Management and did not serve as a director and officer of the Debtor until execution of Chapter 7 conversion. Defendants further admit that Barnes was involved in the management of BW Capital. Defendants deny that Barnes is an insider of the Debtor to the extent such allegation constitutes a legal conclusion, and specifically deny any allegation that Barnes improperly diverted assets, engaged in self-dealing, breached any fiduciary duty, breached any duty of loyalty, received fraudulent transfers, or otherwise engaged in wrongful conduct.

8. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 and therefore deny the same.

9. The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

10. The allegations contained in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

11. The allegations contained in Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

12. Defendants neither admit nor deny the allegations contained in Paragraph 12 and, to the extent a response is deemed required, deny the same.

13. Defendants admit that the Debtor filed a bankruptcy petition and that the case was subsequently converted to a Chapter 7 proceeding, but state that Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any remaining allegations inconsistent therewith.

14. Defendants admit that the bankruptcy petition reflects the information referenced in Paragraph 14. Outside the contents of the referenced petition, Defendants admit nothing further and deny any implication of wrongdoing.

15. Defendants deny the allegation contained in Paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations contained in Paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations contained in Paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations contained in Paragraph 18 and demand strict proof thereof.

19. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 and therefore deny the same.

20. Defendants deny the allegations contained in Paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations contained in Paragraph 21 and demand strict proof thereof.

22. Defendants deny the allegations contained in Paragraph 22 and demand strict proof thereof.

23. Defendants deny the allegations contained in Paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations contained in Paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations contained in Paragraph 25 and demand strict proof thereof.

26. Defendants respond to Paragraph 26 as follows: Defendants admit only that the Complaint alleges that certain payments were made to BW Capital. Defendants deny that any such payments were made without consideration, deny that such payments constituted fraudulent transfers, and deny that such payments are avoidable or recoverable by the Trustee. Defendants affirmatively state that any payments received by BW Capital were received in connection with legitimate business activities and for value provided.

27. Defendants deny the allegations contained in Paragraph 27 and demand strict proof thereof.

28. Defendants are without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 28 and therefore deny Debtor's solvency at all relevant times.

## COUNT I THROUGH XIV

Defendants incorporate their responses to Paragraphs 1 through 28 as if fully set forth herein.

Defendants state that Counts I through XIV of the Complaint are not directed toward Barnes or BW Capital. Accordingly, no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation contained in Counts I through XIV, including any allegation that could be construed as applying to them, and demand strict proof thereof.

Defendants further deny that Plaintiff is entitled to any relief against them under Counts I through XIV.

By way of further clarification and to provide context for the responses that follow, Defendants emphasize that the allegations asserted against them are limited in scope and must be evaluated in light of the distinct roles, relationships, and transactions specifically involving Barnes and BW Capital.

Defendants further reiterate that they are responding only to those allegations specifically directed toward Barnes and BW Capital. Defendants do not respond to Counts I through XIV of the Complaint, as those counts are not directed toward them. To the extent any allegations within

Counts I through XIV are implied to relate to or are construed as being connected to these Defendants, such allegations are denied.

## <u>COUNT XV</u>

29. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 136.

30. Defendants admit only that, as alleged in Paragraph 137, certain payments were made to BW Capital during the time period alleged. Defendants deny that such payments constituted avoidable transfers and further deny any allegation that BW Capital was the recipient of fraudulent transfers.

31. Defendants deny the allegations contained in Paragraph 138 and demand strict proof thereof.

32. Defendants deny the allegations contained in Paragraph 139 and demand strict proof thereof.

33. Defendants deny the allegations contained in Paragraph 140 and demand strict proof thereof.

34. Defendants admit only that, as alleged in Paragraph 141, payments were made to BW Capital. All remaining allegations are denied, and Defendants demand strict proof thereof.

35. Defendants deny the allegations contained in Paragraph 142 and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief under Count XV and further deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT XVI

36. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 143.

37. Defendants answers Paragraph 144 by admitting only that certain payments were made to BW Capital during the period alleged and demands strict proof of all remaining allegations, which are denied.

38. Defendant denies the allegations contained in Paragraph 145 as presently framed, and by way of further answering states that the payments were made pursuant to contractual arrangements as compensation to a third party in exchange for value. To the extent this paragraph states a legal conclusion, it is denied.

39. Defendants deny the allegations contained in Paragraph 146 and demand strict proof thereof. By way of further answering, Defendants affirmatively state that any payments received by BW Capital were supported by reasonably equivalent value, fair consideration, advisory services, management services, transaction-related services, contractual obligations, business purposes, and/or other legitimate consideration.

40. Defendants without knowledge or information sufficient to form a belief regarding the Debtor's solvency as alleged in Paragraph 147, therefore deny the same and demand strict proof thereof.

41. Defendants answers Paragraph 148 by admitting only that payments were made to BW Capital and demands strict proof of all remaining allegations, which are denied.

42. Defendants deny the allegations contained in Paragraph 149 and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief under Count XVI and further deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT XVII

43. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 150.

44. Paragraph 151 states legal conclusions to which no response is required; to the extent a response is required, it is denied.

45. With respect to the allegations contained in Paragraph 152, Defendants admit only that payments were made to BW Capital within the referenced period; Defendants deny that such payments constituted avoidable transfers or were made for less than reasonably equivalent value and demand strict proof thereof.

46. Defendants deny the allegations contained in Paragraph 153 of the Complaint. This paragraph states a legal conclusion; to the extent a response is required, it is denied.

47. Defendants deny the allegations contained in Paragraph 154 and demand strict proof thereof. By way of further answer, Defendants state that the payments were contractual compensation for value and were not made with any intent to hinder, delay, or defraud

creditors; Defendants deny each alleged badge of fraud, including any allegation that the payments were made for no consideration.

48. With respect to Paragraph 155, Defendants deny the allegations contained therein and demand strict proof thereof.

49. With respect to Paragraph 156, Defendants are without knowledge or information sufficient to form a belief as to the existence of any creditor able to avoid the transfers under applicable non-bankruptcy law and therefore deny the same. This paragraph states a legal conclusion to which no response is required.

50. With respect to Paragraph 157, Defendants deny the allegations. This paragraph states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

Defendants deny that Plaintiff is entitled to any relief under Count XVII and further deny that Plaintiff is entitled to any of the relief requested therein.

<u>**COUNT XVIII**</u>

51. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 158.

52. Paragraph 159 states legal conclusions to which no response is required. To the extent a response is required, it is denied.

53. Defendants admit only that payments were made to BW Capital within the referenced period as alleged in Paragraph 160. Defendants deny that such payments constituted

avoidable transfers and deny any characterization of BW Capital as the "initial transferee" of an avoidable transfer. All remaining allegations are denied.

54. Paragraph 161 states legal conclusions to which no response is required. To the extent a response is required, it is denied.

55. Defendant denies the allegations contained in Paragraph 162. By way of further answering, Defendants affirmatively state that any payments received by BW Capital, including those referenced in Paragraph 162, were supported by reasonably equivalent value, fair consideration, advisory services, management services, transaction-related services, contractual obligations, business purposes, and/or other legitimate consideration.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 concerning the Debtor's solvency or financial condition and therefore deny the same.

57. Paragraph 164 states legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

58. Defendants admit only that payments were made to BW Capital within the referenced period as alleged in Paragraph 165. Defendants deny that such payments constituted avoidable transfers and deny any characterization of BW Capital as the "initial transferee" of an avoidable transfer. All remaining allegations are denied.

59. Paragraph 166 states legal conclusions to which no response is required. To the extent a response is required, it is denied.

Defendants deny that Plaintiff is entitled to any relief under Count XVIII and further deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT XIX

60. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 167.

61. Defendants deny the allegations contained in Paragraph 168 and demand strict proof thereof.

62. Defendants deny the allegations contained in Paragraph 169 and demand strict proof thereof. Defendants specifically deny that Barnes was an immediate transferee, mediate transferee, ultimate transferee, beneficiary, or recipient of any alleged avoidable transfer.

63. Defendants deny the allegations contained in Paragraph 170 and demand strict proof thereof. Defendants specifically deny that any amount is recoverable from Barnes pursuant to 11 U.S.C. § 550(a)(2) or otherwise.

Defendants deny that Plaintiff is entitled to any relief under Count XIX and further deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT XX

64. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 171.

65. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 172 to 174 and therefore deny the same, demanding strict proof thereof of each aforesaid paragraph.

66. Defendants deny the allegations contained in Paragraph 175 to the extent they characterize BW Capital as the initial transferee or as the recipient of avoidable transfers. Defendants otherwise admit only that certain payments were made to BW Capital.

67. Defendants deny the allegations contained in Paragraph 176 and demand strict proof thereof. Defendants specifically deny that Barnes was an immediate or mediate transferee of any avoidable transfer.

68. Paragraph 177 states legal conclusions to which no response is required. To the extent a response is required, it is denied.

69. Defendants deny the allegations contained in Paragraph 178 and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief under Count XX and further deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT XXI

70. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 179.

71. Paragraph 180 cites Maryland law, to which no response is required. To the extent that a response is required, Defendant was not a director, therefore owes no duties under

applicable Maryland law. All other allegations are denied, and Defendants demand strict proof thereof.

72. Defendants deny the allegations contained in Paragraph 181 and demand strict proof thereof.

73. Defendants deny the allegations contained in Paragraph 182 and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief under Count XXI and further deny that Plaintiff is entitled to any of the relief requested therein.

## COUNT XXII

74. Defendants incorporate their responses to Paragraphs 1 through 28, as well as all preceding answers to the paragraphs of the Complaint, as if fully set forth herein, and demand strict proof of each and every allegation contained in Paragraph 183.

75. Paragraph 184 states legal conclusions to which no response is required. To the extent a response is required, it is denied. By way of further answering, Defendants admit that officers owe duties under applicable law, but that Defendants were not an officer of the Debtor. Defendants deny any allegation that Barnes breached any duty of loyalty owed to the Debtor.

76. Defendants deny the allegations contained in Paragraph 185 and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any relief under Count XXII and further deny that Plaintiff is entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES

Defendants Lamar Barnes and BW Capital Advisors LLC t/a BW Capital Advisors ("Defendants"), without assuming any burden not otherwise imposed by law, assert the following affirmative defenses and reserve the right to amend these defenses as discovery progresses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against these Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

Any transfers or payments received by BW Capital were received in good faith, for value, and without knowledge of any alleged avoidability, fraudulent purpose, or impropriety.

## THIRD AFFIRMATIVE DEFENSE
### (Reasonably Equivalent Value and Fair Consideration)

Any transfers or payments received by BW Capital were supported by reasonably equivalent value and fair consideration, including but not limited to advisory services, management services, transaction-related services, consulting services, contractual obligations, and other legitimate business purposes.

## FOURTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

Any payments received by BW Capital were made in connection with legitimate business activities and services and were not fraudulent transfers under the Bankruptcy Code or applicable state law.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Fraudulent Intent)

Neither Barnes nor BW Capital acted with actual intent to hinder, delay, or defraud creditors, and Defendants specifically deny the existence of any badge of fraud sufficient to support the Trustee's claims.

## SIXTH AFFIRMATIVE DEFENSE
### (Business Judgment Rule)

Any actions undertaken by Barnes in his capacity as a manager or principal were undertaken in good faith, in a manner reasonably believed to be in the best interests of the applicable entity, and in the exercise of reasonable business judgment.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statutory Director and Officer Protections)

The claims asserted against Barnes are barred, in whole or in part, by the protections afforded directors and officers under applicable Maryland law, granted Barnes was neither a directors or officers of Debtor, including but not limited to Maryland Code, Corporations and Associations Article § 2-405.1.

## EIGHTH AFFIRMATIVE DEFENSE
### (Reliance Upon Information and Records)

At all relevant times, Barnes acted in good faith reliance upon corporate records, financial information, business advisors, accountants, consultants, and other information reasonably believed to be accurate and reliable.

## NINTH AFFIRMATIVE DEFENSE
### (No Initial, Immediate, Mediate, or Ultimate Transferee Liability)

Barnes was not an initial transferee, immediate transferee, mediate transferee, ultimate transferee, beneficiary, or recipient of any avoidable transfer and therefore cannot be held liable under 11 U.S.C. § 550.

## TENTH AFFIRMATIVE DEFENSE
### (Separate Corporate Existence)

BW Capital was at all relevant times a separate legal entity. Plaintiff has failed to allege or establish any basis to disregard BW Capital's separate corporate existence, pierce the corporate veil, impose alter ego liability, or otherwise hold Barnes personally liable for transfers allegedly made to or received by BW Capital.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Establish Insolvency)

Plaintiff cannot establish that the Debtor was insolvent at the time of the alleged transfers, became insolvent as a result of the alleged transfers, or otherwise satisfies the insolvency requirements necessary to recover under the causes of action asserted in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Absence of Proximate Cause)

Any alleged damages sustained by the Debtor or its creditors were caused by factors independent of any conduct of these Defendants and were not proximately caused by Barnes or BW Capital.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity)

To the extent the Complaint sounds in fraud or alleges fraudulent conduct, the claims are barred, in whole or in part, because Plaintiff has failed to plead such allegations with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Transfers with Particularity)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to identify with sufficient specificity the alleged transfers, including the source, date, amount, recipient, subsequent recipient, and circumstances of the alleged transfers for which recovery is sought from Barnes.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Improper Group Pleading)

Plaintiff's claims are barred, in whole or in part, because the Complaint improperly aggregates multiple defendants, entities, transfers, and transactions without adequately distinguishing the conduct allegedly attributable to Barnes or BW Capital.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Defendants expressly reserve the right to assert additional affirmative defenses, counterclaims, offsets, and any other matters that may become available through discovery, expert analysis, document production, deposition testimony, or further investigation.

Respectfully submitted,

ROBINSON & GERALDO, P.C.

/s/Alexander J. Geraldo__
Alexander J. Geraldo, Esq.
1316 Pennsylvania Ave., SE
Washington D.C. 20003
Phone No.: 202-544-2888
Federal Bar No. 21502

*Counsel for Defendants*
Lamar Barnes and BW Capital Advisors
LLC
t/a BW Capital Advisors

**CERTIFICATE OF SERVICE**

I, Alexander J. Geraldo, do hereby certify that on this 25th day of June, 2026, I caused a

true and correct copy of the foregoing Answer to be served via the Court's CM/ECF system upon

all counsel of record, including:

Service Provided via Notice of Electronic Filing (NEF) through ECF system:

*Bankruptcy Counsel to Morgan W. Fisher, Chapter 7 Trustee*

Richard M. Goldberg
Daniel J. Zeller
Shapiro Sher Guinot & Sandler
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Email: rmg@shapirosher.com

*Counsel for Chestnut Business Consulting LLC and Lonnie Chestnut, III*

Richard J Hackerman, Esquire
3635 Old Court Road
Suite 208,
Baltimore, Maryland 21208
Tel. (410) 243-8800,
Fax (410) 402-5757
richard@richardhackerman.com

/s/Alexander J. Geraldo
ALEXANDER J. GERALDO, ESQ.